**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      5:24-cv-01910-MRA-AJR                    Date:  May 8, 2026
                                                        Page 1 of 4

Title:      Leihinahina Sullivan v. United States of America, et al.

---

DOCKET ENTRY:      **ORDER TO SHOW CAUSE WHY CLAIMS AGAINST DEFENDANT FARHAD KHORASHADI, M.D. SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

    Ashley Silva                    None                    None
    Deputy Clerk          Court Reporter/Recorder          Tape No.

    ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
           PLAINTIFF:                        DEFENDANT:

       None Present                        None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On September 5, 2024, four *pro se* federal prisoners incarcerated at Victorville Camp FCI Med. I filed a civil rights complaint alleging claims pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) ("Bivens") and the Federal Tort Claims Act ("FTCA") (the "Complaint").  (See Dkt. 1.)  On November 21, 2024, the Court recommended dismissal of the Complaint in part because the Complaint alleged claims pursuant to the FTCA, but did not name the United States as a defendant.  (Dkt. 23 at 5-6)  On January 21, 2025, all plaintiffs named in the Complaint were dismissed without

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.       5:24-cv-01910-MRA-AJR                    Date:  May 8, 2026
                                                        Page 2 of 4

Title:          <u>Leihinahina Sullivan v. United States of America, et al.</u>

prejudice except for Plaintiff Leihinahina Sullivan ("Plaintiff").  (<u>See</u> Dkts. 32-33.)
Additionally, the Complaint was dismissed with leave to amend, and Plaintiff was directed
to file a First Amended Complaint (the "FAC").  (Dkt. 32.)

    Plaintiff Sullivan filed a FAC which alleged a <u>Bivens</u> claim as well as a claim
pursuant to the FTCA.  (Dkt. 27.)  On January 23, 2025, the Court dismissed Plaintiff's FAC
with leave to amend.  (Dkt. 36.)  Plaintiff's FAC was dismissed because she could not state
a <u>Bivens</u> claim against the United States and therefore needed to name a defendant other
than the United States.  (<u>Id.</u> at 3-4.)  On February 3, 2025, Plaintiff filed a Second Amended
Complaint ("SAC") against the following defendants:  (1) Nader Peiker M.D.; (2) Seyed
Hosseini (Moud) M.D./ WXR Mast; (3) Farhad Khorashadi M.D.; (4) N.P. Esther Babalola,
Unit Team Manager; and (5) Warden Ricolcol.  (Dkt. 37.)  The SAC alleged claims pursuant
to <u>Bivens</u> and the FTCA.  (<u>Id.</u> at 1.)  On April 7, 2025, the Court dismissed the SAC with
leave to amend because Plaintiff could not state an FTCA claim against the individual
defendants.  (Dkt. 40.)

    On April 16, 2025, Plaintiff filed a Third Amended Complaint ("TAC").  (Dkt. 41.)
The TAC appeared to allege claims pursuant to the FTCA and <u>Bivens</u>.  (<u>Id.</u> at 5-6.)  The
TAC named the United States as the sole defendant and sought monetary damages.  (<u>Id.</u> at
3, 6.)  The Court found that the TAC was subject to dismissal for failure to state a claim
upon which relief may be granted, but granted Plaintiff leave to amend.  (Dkt. 42.)

    On May 29, 2025, Plaintiff filed a Fourth Amended Complaint.  (Dkt. 46.)  The
Fourth Amended Complaint alleges constitutional civil rights claims under <u>Bivens</u> and
names the following employees of the Federal Bureau of Prisons ("BOP") as defendants:
(1) Dr. Nadar Peikar M.D.; (2) Seyed S. Hosseini (Moud) M.D./WXR; (3) Esther
Babalola, N.P.; and (4) Farhad Khorashadi (collectively, "Defendants").  (<u>Id.</u> at 1.)  The
Court screened the Fourth Amended Complaint and deemed it appropriate for service.
Therefore, on June 25, 2025, the Court issued a Summons and Order Directing Service of
Plaintiff's Fourth Amended Complaint by the U.S. Marshals Service.  (Dkts. 49-50.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.      5:24-cv-01910-MRA-AJR                    Date:  May 8, 2026
                                                       Page 3 of 4

Title:            <u>Leihinahina Sullivan v. United States of America, et al.</u>

On June 25, 2025, the Court issued a Summons and Order Directing Service of Plaintiff's Fourth Amended Complaint by the U.S. Marshals Service.  (Dkts. 49, 50.)  On October 3, 2025, the U.S. Marshals Service notified the Court that it was unable to effectuate service on Defendants Babalola and Khorashadi.  (Dkt. 56.)  With respect to both Defendant Babalola and Khorashadi, the Marshals Service explained that they no longer work for the BOP.  (<u>Id.</u> at 1-4.)  Therefore, on December 29, 2025, the Court advised Plaintiff that she must still effectuate service of the Fourth Amended Complaint on Defendants Babalola and Khorashadi or they would be dismissed from the action without prejudice.  (Dkt. 60.)  In order to effectuate service, the Court authorized Plaintiff to serve on or more subpoenas duces tecum, directed to Victorville Camp FCI Med. I to obtain Defendants Babalola and Khorashadi's last known mailing addresses.  (<u>Id.</u>)  The Court directed Plaintiff to fill out the subpoena forms and return it to the Court for service. (<u>Id.</u>)

On January 16, 2026, Plaintiff filed two subpoenas duces tecum directed to Victorville Camp FCI Med. I, Custodian of Records, seeking the last known mailing address for both Defendants Farhad Khorashadi, M.D. and Esther Babalola.  (Dkt. 64.) Accordingly, on February 2, 2026, the Court ordered the issuance of a subpoena duces tecum and directed the U.S. Marshals Service to serve the subpoenas along with the Court's Order on Victorville Camp FCI Med. I, Custodian of Records, 13777 Air Expressway, Blvd., Victorville, CA 92394.  (Dkt. 66.)  On March 23, 2026, the U.S. Marshals Service notified the Court that it was unable to effectuate service on Defendant Khorashadi because Khorashadi was never a BOP employee and that the BOP does not have an address or personal information for him.  (Dkt. 72.)  However, on April 17, 2026, Babalola filed a Waiver of Service of Summons.  (Dkt. 74.)

It appears that any claims in the Fourth Amended Complaint against Khorashadi may be subject to dismissal for failure to effect timely service.  Federal Rule of Civil Procedure 4(m) provides in relevant part that if a "defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, the Rule also provides

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.       5:24-cv-01910-MRA-AJR                         Date:  May 8, 2026
                                                             Page 4 of 4

Title:          <u>Leihinahina Sullivan v. United States of America, et al.</u>

that if the plaintiff shows good cause for the failure, "the court must extend the time for
service for an appropriate period."  <u>Id.</u>

         Because Plaintiff's Fourth Amended Complaint was filed on May 29, 2025, the
deadline to effectuate service expired on August 27, 2025.  Almost one year has passed
since the filing of the Fourth Amended Complaint.  Despite the Court's guidance,
extensions, and the assistance of the U.S. Marshals Service, Plaintiff has been unable to
identify an address to effectuate service on Khorashadi.  Accordingly, pursuant to Rule
4(m) of the Federal Rules of Civil Procedure, **IT IS ORDERED** that, **no later than May
29, 2026**, Plaintiff shall either provide an address for service of her Fourth Amended
Complaint on Defendant Khorashadi or show cause in writing, if there be any, why the
claims against Khorashadi should not be dismissed for failure to effect timely service
and/or for lack of prosecution.

         **Plaintiff is explicitly cautioned that the failure to respond to this Order by the
Court's deadline <u>will</u> result in a recommendation that any claim against Defendant
Khorashadi be dismissed without prejudice pursuant to Rule 4(m).  If Plaintiff no
longer wishes to pursue her claims against Defendant Khorashadi, she may request a
voluntary dismissal of her claims against Defendant Khorashadi pursuant to Federal
Rule of Civil Procedure 41(a).  <u>A Notice of Dismissal form is attached for Plaintiff's
convenience.</u>**

         IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).